[No. A068823. First Dist., Div. Three. Dec. 23, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
ALI NAZEM, Defendant and Appellant.

COUNSEL

David M. Michael, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Christina V. Kuo and Catherine A. Rivlin, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CORRIGAN, J.—Defendant contends his prosecution on narcotics charges was barred by the double jeopardy clause of the United States Constitution

because of the completed forfeiture of money and property in a related civil action. We disagree and affirm.

*Factual History*[1]

Inspector Hanley of the San Francisco Police Department received a phone call from United Parcel Service (UPS) indicating the company had received a package with an inadequate delivery address. An employee of UPS had opened the package and found $6,020 in cash and a note. Upon examining the note, Hanley concluded the cash was payment for a shipment of LSD. Hanley identified defendant as the intended recipient of the package.

On March 9, 1994, defendant was contacted by police and consented to a search of his home. Therein, officers found a large quantity of 3, 4-methylenedioxymethamphetamine, also known as MDMA or by its street name, Ecstasy. Additionally, officers found less than an ounce of marijuana, a loaded handgun, brass knuckles, paraphernalia consistent with the possession of MDMA for sale, and an additional $5,340 in cash. Apparently, officers also seized a watch and a cellular phone from defendant's home.[2] Defendant claimed to be merely holding the MDMA for a friend, but he admitted running an LSD mail order operation.

*Procedural History*

On March 9, 1994, defendant was charged by complaint in the municipal court. Also on that date, he was served with a notice of nonjudicial forfeiture proceedings against $6,020 in cash, $5,340 in cash, the watch, and the cellular phone. On March 31, he filed a claim in response to that notice. An indictment filed August 30 charged defendant with possession for sale of MDMA, possession of MDMA while armed, maintaining a place for the purpose of selling MDMA, possession of metal knuckles, and possession for sale of marijuana.

On October 5, 1994, the parties settled the forfeiture proceeding. The watch and $2,500 were returned to defendant. The phone and $8,860 plus interest were forfeited. Thereafter, defendant unsuccessfully moved to dismiss the indictment on double jeopardy grounds. On November 28, he pled

---

[1]We have drawn the facts principally from the transcript of the grand jury proceedings.

[2]The watch and phone were subjects of the related forfeiture proceeding. These items were not mentioned in the transcript of the grand jury proceedings or in the transcript of the pretrial motion to suppress evidence. The only mention of them in our record appears in the few documents from the forfeiture proceeding that were filed as exhibits in the criminal record below. The document entitled "Stipulation to Judgement [*sic*] of Forfeiture" suggests that the phone and watch were found during the search of defendant's residence.

no contest to possession of MDMA for sale, and the remaining counts were dismissed. He was placed on three years of probation and ordered to serve six months in jail.

*Discussion*

 Defendant's only claim on appeal is that his criminal prosecution was barred by the double jeopardy clause (U.S. Const., 5th Amend.) because he had already been subjected to forfeiture of money and property in the related civil action.[3] The double jeopardy clause protects against three potential abuses: "a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. [Citation.]" (*United States* v. *Halper* (1989) 490 U.S. 435, 440 [104 L.Ed.2d 487, 496, 109 S.Ct. 1892].) Here, defendant contends he has been multiply punished for the same offense.

 The United States Supreme Court recently articulated a presumption that in rem civil forfeiture proceedings do not result in punishment for purposes of the double jeopardy clause. (*United States* v. *Ursery* (1996) 518 U.S. __, __, fn. 3 [135 L.Ed.2d 549, 569, 116 S.Ct. 2135, 2148] (*Ursery*).) That presumption can be rebutted by the " 'clearest proof' . . . that an *in rem* civil forfeiture is 'so punitive either in purpose or effect' as to be equivalent to a criminal proceeding . . . ." (*Ibid.*, italics in original.)

In *United States* v. *Ward* (1980) 448 U.S. 242 [65 L.Ed.2d 742, 100 S.Ct. 2636] (*Ward*), the Supreme Court considered the question whether the assessment of a "civil penalty" was a "criminal case" for purposes of the Fifth Amendment to the United States Constitution's guarantee against compulsory self-incrimination. The court held that whether a statutory penalty was criminal or civil would be determined by a two-step analysis: first, whether the legislature expressly or impliedly intended a civil penalty, and second, if so, whether the statutory scheme was so punitive in purpose or effect that the legislative intent was negated. (*Id.* at pp. 248-249 [65 L.Ed.2d at pp. 749-750].) As to the second inquiry, " 'only the clearest proof could suffice to establish the unconstitutionality of a statute on such a ground.' [Citations.]" (*Id.* at p. 249 [65 L.Ed.2d at pp. 749].)

In *Ward*, the Supreme Court concluded Congress intended a civil penalty and that Ward had not demonstrated the penalty was punitive in purpose or

---

[3]The California Constitution contains a similar provision against double jeopardy. (Cal. Const., art. I, § 15.) That provision is interpreted coextensively with the federal version. (Cal. Const., art. I, § 24.)

effect. (*Ward, supra*, 448 U.S. at pp. 249-251 [65 L.Ed.2d at pp. 749-751].) The *Ward* court made reference to a series of criteria first developed in *Kennedy* v. *Mendoza-Martinez* (1963) 372 U.S. 144, 168-169 [9 L.Ed.2d 644, 661, 83 S.Ct. 554] (*Mendoza-Martinez*): "Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of *scienter*, whether its operation will promote the traditional aims of punishment— retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned are all relevant to the inquiry, and may often point in differing directions." (Fns. omitted, italics in original.)[4]

In *United States* v. *One Assortment of 89 Firearms* (1984) 465 U.S. 354, 356 [79 L.Ed.2d 361, 364-365, 104 S.Ct. 1099] (*89 Firearms*), Patrick Mulcahey had been acquitted of selling firearms without a license. Thereafter, the government sought to forfeit the confiscated firearms. The court held that double jeopardy does not bar "a civil, remedial forfeiture proceeding initiated following an acquittal on related criminal charges." (*Id.* at p. 361 [79 L.Ed.2d at p. 367].) In concluding that the particular statutory scheme was civil and remedial in nature, the court employed the two-step analysis of *Ward, supra*, 448 U.S. at pages 248-249 [65 L.Ed.2d at pages 749-750]. (*89 Firearms, supra*, at pp. 362-366 [79 L.Ed.2d at pp. 370-371].)

First, the court cited four factors that indicated Congress intended a civil sanction: the forfeiture proceedings were in rem rather than in personam, the statutory scheme included a summary administrative forfeiture proceeding for items under $2,500 in value, the conduct giving rise to the proceedings was broader in scope than that giving rise to the related criminal sanctions, and the forfeiture provisions furthered broad remedial aims by reducing the flow of firearms. (*89 Firearms, supra*, 465 U.S. at pp. 363-364 [79 L.Ed.2d at pp. 368-370].) Second, the court consulted the *Mendoza-Martinez* criteria and concluded that Mulcahey had "failed to establish by the 'clearest proof' that Congress has provided a sanction so punitive as to 'transfor[m] what was clearly intended as a civil remedy into a criminal penalty.' [Citation.]" (*89 Firearms* at p. 366 [79 L.Ed.2d at p. 371].) The Supreme Court applied this same two-step analysis in *Ursery* and concluded that the federal statutes in question there were nonpunitive in rem civil forfeiture statutes. (*Ursery*,

---

[4]In *Mendoza-Martinez, supra*, the appellants were deprived of their United States citizenship for having left the country to avoid military conscription. The court concluded the pertinent statutes were unconstitutional in that they imposed an essentially criminal penalty without benefit of the constitutional safeguards that ordinarily attend a criminal prosecution. (372 U.S. at p. 184 [9 L.Ed.2d at pp. 669-670].)

*supra*, 518 U.S. at p. ___ [135 L.Ed.2d at pp. 567-571, 116 S.Ct. at pp. 2147-2149].)[5] We apply the same analysis to California forfeiture law.

### A. *Did the Legislature Intend a Civil Proceeding?*

We note that California statutory forfeiture law under the Uniform Controlled Substances Act (Health & Saf. Code,[6] § 11000 et seq.) has had a long and confusing history. (See *People* v. *$31,500 United States Currency* (1995) 32 Cal.App.4th 1442, 1447-1451 [38 Cal.Rptr.2d 836].) For purposes of our review, we are concerned only with the current version of the law. (*Id.* at p. 1452; § 11469 et seq.; Stats. 1994, ch. 314, §§ 1-26, eff. Aug. 19, 1994.)

■■■ Clearly, the Legislature intended that the forfeiture law would be civil in nature. First, the forfeiture proceedings are in rem rather than in personam. Second, the law provides for administrative, rather than judicial, forfeiture proceedings when personal property worth less than $25,000 is at issue. (§ 11488.4, subd. (j).) Administrative forfeiture allows the prosecuting authority to avoid a formal judicial proceeding if no claim is filed following notice to potentially interested parties as prescribed by statute. Additionally, if a formal judicial forfeiture proceeding is instituted and no timely claims are filed, the property is forfeited on a prima facie showing by the prosecuting authority. (§ 11488.5, subd. (b)(1).) Third, the conduct giving rise to the proceedings is broader in scope than that giving rise to criminal charges, because the forfeiture provisions encompass not only property used in criminal ventures but property "intended" for use in such ventures. (§ 11470, subds. (b), (c), (d), (f).) Fourth, the law furthers broad remedial aims: ". . . civil forfeiture is intended to be remedial by removing the tools and profits from those engaged in the illicit drug trade . . . ." (§ 11469, subd. (j).) Fifth, the law provides that the Code of Civil Procedure shall apply to forfeiture proceedings (§ 11488.5, subd. (c)(3)) and that such proceedings shall have priority over "other civil cases" (§ 11488.5, subd. (c)(1)). Sixth, while the burden of proof in some limited circumstances under the statute is beyond a reasonable doubt, that substantial burden does not apply to the

---

[5]The Supreme Court concluded that several of its recent decisions were not applicable to a double jeopardy analysis of in rem civil forfeitures: *United States* v. *Halper, supra,* 490 U.S. 435, addressing in personam civil penalties under the double jeopardy clause; *Austin* v. *United States* (1993) 509 U.S. 602 [125 L.Ed.2d 488, 113 S.Ct. 2801], addressing civil forfeitures under the excessive fines clause of the Eighth Amendment to the United States Constitution; *Montana Dept. of Revenue* v. *Kurth Ranch* (1994) 511 U.S. 767 [128 L.Ed.2d 767, 114 S.Ct. 1937], addressing a tax proceeding under the double jeopardy clause. (*Ursery, supra,* 518 U.S. at p. ___ [135 L.Ed.2d at pp. 567-569, 116 S.Ct. at p. 2147].)

[6]Unless otherwise specified, all further statutory references are to the Health and Safety Code.

majority of situations delineated in section 11470.[7] The sum of these factors demonstrates a legislative intent to create a civil forfeiture proceeding.

### B. *Is the Proceeding So Punitive as to Be Criminal?*

 The second step of the analysis concerns whether, despite the legislative intent to create a civil proceeding, the proceeding is, in purpose or effect, so punitive as to be criminal. The criteria set forth in *Mendoza-Martinez, supra,* 372 U.S. at pages 168-169 [9 L.Ed.2d at pages 660-662], and later referred to in *Ward, supra,* 448 U.S. at pages 249-251 [65 L.Ed.2d at pages 749-751], assist in that determination. First, we note that forfeiture of property involves no affirmative disability or restraint on the property owner. Second, in rem civil forfeiture has not been regarded historically as punishment within the meaning of the double jeopardy clause. (*Ursery, supra,* 518 U.S. at p. __ [135 L.Ed.2d at pp. 570-571, 116 S.Ct. at p. 2149].) Third, a finding of scienter is not necessary before property may be forfeited. In fact, property can be forfeited if no valid claim is filed in opposition. (§§ 11488.4, subd. (j), 11488.5, subd. (b)(1).)[8] Defendant points to the statutory requirement that the prosecuting authority prove that ". . . the owner of any interest in the seized property consented to the use of the property with knowledge that it would be or was used for a purpose for which forfeiture is permitted . . . ." (§ 11488.5, subd. (d)(1).) However, that requirement applies only when a valid claim is filed. Fourth, while the forfeiture law promotes the traditional aims of punishment through retribution and deterrence, the overarching purpose of the forfeiture is remedial. To that end, the proceeds and instrumentalities of illegal activity are seized (§ 11470) and used to offset the societal costs of law enforcement (§ 11489, subd. (b)). Additionally, the Supreme Court has long held that deterrence may serve civil as well as criminal goals. (*Ursery, supra,* 518 U.S. at p. __ [135 L.Ed.2d at pp. 570-571, 116 S.Ct. at p. 2149].) Here, the forfeiture

---

[7]Section 11470 enumerates property that is subject to forfeiture. Section 11488.4, subdivision (i) establishes the burden of proof applicable to the forfeiture of only some of the property listed in section 11470. If the property is a plane, boat, or other vehicle (§ 11470, subd. (e)), real property (§ 11470, subd. (g)), or cash and cash equivalents worth less than $25,000 (§ 11470, subd. (f)), the government must prove beyond a reasonable doubt that the property was used or intended for use in violating specified Health and Safety Code sections. (§ 11488.4, subd. (i)(1), (2).) If the property is cash or cash equivalents worth at least $25,000, the government's burden of proof is by clear and convincing evidence. (§ 11488.4, subd. (i)(4).) Because the statutory scheme does not specify the burden of proof in the case of all other forfeitable property, the preponderance of evidence standard applies in those circumstances: "Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence." (Evid. Code, § 115.)

[8]The federal statutes determined to be nonpunitive contain somewhat similar provisions (18 U.S.C. § 981(a)(2); 21 U.S.C. § 881(a)). (*Ursery, supra,* 518 U.S. at p. __ [135 L.Ed.2d at pp. 570-571, 116 S.Ct. at p. 2149].)

serves the nonpunitive purpose of discouraging property owners from using or allowing the use of their property in illegal activity. Although forfeiture is linked in some instances to the commission of criminal offenses (§ 11488.4, subd. (i)(3)), that fact alone does not constitute the " 'clearest proof' " necessary to demonstrate that a proceeding is criminal. (*Ursery, supra,* 518 U.S. at p. __ [135 L.Ed.2d at pp. 570-571, 116 S.Ct. at p. 2149].)

In short, as defendant concedes, the state law is largely indistinguishable from the federal statutes discussed in *Ursery* and determined not to be punitive and criminal. (See 18 U.S.C. § 981(a); 21 U.S.C. § 881(a).)[9]

## *Disposition*

The judgment is affirmed.

Phelan, P. J., and Parrilli, J., concurred.

---

[9]We need not consider whether the forfeiture here was excessive under the excessive fines clause of the Eighth Amendment to the United States Constitution, because defendant has not raised that claim. (See *Austin* v. *United States, supra,* 509 U.S. 602.)